IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TROY DEWYON DREW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:21CV693–HEH |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**
**(Denying § 2254 Petition)**

Troy Dewyon Drew, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging the execution of his sentences from the Circuit Court of the City of Portsmouth.[1]

Specifically, Drew contends:

> Respondent has not commenced or commonly computed Petitioner's sentences formerly from the date of final judgment nor deduct[ed] time while awaiting trial.
> Petitioner was sentenced on January 18, 2019. Petitioner was incarcerated on August 17, 2017. Respondent has refused to commence the Petitioner's sentences from the date of final judgment. Nor has Respondent deducted [from] Petitioner's sentences [for time spent incarcerated] while awaiting trial. Petitioner has served out his sentences, which Respondent has Petitioner serving again. The Court never entered a[] sentence judgment to serve.

(ECF No. 1 at 5 (citation omitted).) Drew essentially makes three claims:

| Claim One | All of Petitioner's sentences were supposed to run concurrently from the date the Circuit Court entered final judgment imposing the |
|---|---|

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in the quotations from the parties' submissions.

|  |  |
|---|---|
|  | sentences. Respondent has violated Petitioner's rights by running his sentences consecutively. |
| Claim Two | Respondent failed to award Petitioner credit against his sentences for the time he spent incarcerated prior to the imposition of the final judgment. |
| Claim Three | The Circuit Court never entered a judgment. |

As explained below, Drew's claims are frivolous and without merit.

## I. CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable — a substantially higher threshold." *Schriro v.*

2

*Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## II. ANALYSIS

Here, Drew filed a petition for a writ of habeas corpus with the Supreme Court of Virginia wherein he raised Claims One and Two. The Supreme Court of Virginia rejected each of these claims and provided an accurate factual and legal background with respect to each claim. Accordingly, the Court's analysis of each of these claims begins with the relevant portion of the Supreme Court of Virginia's opinion.

### A. Claim One

With respect to Claim One, the Supreme Court of Virginia stated:

> Petitioner, an inmate in the custody of the Virginia Department of Corrections (VDOC), challenges the VDOC's calculation of his sentence for four convictions from the Circuit Court of the City of Portsmouth. These convictions include possession with intent to distribute, for which petitioner was sentenced to five years' imprisonment with four years suspended; possession of a firearm after having been convicted of a felony, for which petitioner was sentenced to five years' imprisonment with four years suspended; driving on a revoked or suspended license, for which petitioner was sentenced to twelve months' imprisonment; and driving while intoxicated, second offense, for which petitioner was sentenced to twelve months' imprisonment.
>
> In an unnumbered claim, petitioner contends the VDOC violated Code § 53.1–186 by failing to compute the term of each sentence from the date of the final judgment. He appears to assert that, because the trial court entered separate sentences for each conviction, then each sentence commenced on the same date and should have run concurrently with the other three sentences.
>
> The Court holds this claim is without merit. When a petitioner is sentenced to multiple terms of confinement, those terms "shall not run concurrently, unless expressly ordered by the court." Code § 19.2–308. Further, multiple sentences commence on and are calculated from the same date only to the extent the trial court ordered such sentences to run concurrently. *See* Code § 53.1–186 ("When it is ordered that two or more terms of confinement run concurrently, then such terms of confinement shall

3

> commence and be computed from the time of the first of such terms of confinement."). Here, petitioner does not allege he was sentenced to concurrent terms of confinement. Further, the December 20, 2020 VDOC sentence summary states that each of the sentences identified in the petition are "consecutive." Thus, contrary to petitioner's argument, Code § 53.1-186 does not require the VDOC to compute the term of each sentence from the date of the final judgment.

(ECF No. 14-1 at 63–64.)

Claim One lacks merit. The Circuit Court did not order that Drew's sentences should run concurrently. Indeed, Drew attached a copy of his Corrected Conviction and Sentencing Order for his Portsmouth sentences to his § 2254 Petition. (ECF No. 1-1 at 2–5.) The Order specifies that: "These sentences shall run **CONSECUTIVELY** with each other and [with] all other sentences." (*Id.* at 3.) Accordingly, Claim One will be dismissed.

**B.  Claim Two**

With respect to Claim Two, the Supreme Court of Virginia stated:

> In another unnumbered claim, petitioner contends the VDOC miscalculated his sentences by failing to credit him, for each of his convictions, with 454 days he spent in jail before being transferred to VDOC custody. Petitioner argues 454 days should have been credited to each of his four sentences; thus, because no sentence exceeded 454 days, he was effectively sentence[d] to time served.
> The Court holds this claim is without merit. The record, including the affidavit from Donna M. Shiflett, Manager for the Court and Legal Services Section for the VDOC, and a December 20, 2020 VDOC sentence summary, demonstrates petitioner's sentences have been accurately calculated and that he was credited with 454 days for the time he spent in jail prior to being transferred to VDOC custody. Contrary to petitioner's argument, time spent in confinement while awaiting trial is deducted from the total term of imprisonment rather than from each sentence. Code § 53.1-187.

(ECF No. 14-1 at 64–65.) Because Drew received credit for all the time he was due for pretrial incarceration, Claim Two will be dismissed.

4

### C. Claim Three

Lastly, in Claim Three, Drew contends that the Circuit Court "never entered a judgment to serve." (ECF No. 1 at 5.) This claim lacks merit as Drew attached a copy of the corrected judgment order to his § 2254 Petition. (ECF No. 1-1 at 2.) That order reflects that it corrects an October 17, 2018 order. (*Id.*) Claim Three will be dismissed.

## III. DREW'S OUTSTANDING MOTIONS

Drew has submitted a number of motions which are uniformly frivolous. Drew has moved for summary judgment. Drew fails to demonstrate he is entitled to summary judgment because his claims all lack merit. Drew's Motion for Summary Judgment (ECF No. 4) will be denied.

Drew filed a Motion to Amend. In that document, Drew states that he wishes "to amend Petitioner's Motion for Judicial Notice & Summary Judgment and Omit #6 into the pleading of this case." (ECF No. 5 at 1.) The Motion to Amend is largely nonsensical and fails to entitle Drew to any relief. Accordingly, the Motion to Amend (ECF No. 5) will be denied.

Drew filed a Motion to Expedite Writ. Because Drew fails to demonstrate he is entitled to habeas relief, the Motion to Expedite Writ (ECF No. 6) will be denied.

Drew filed a Motion to Object to the Notice of Appearance filed by counsel for Respondent. (ECF No. 13.) Additionally, Drew filed a Motion to Object/Judicial Notice/ Judgement. (ECF No. 18.) Drew fails to demonstrate that he is entitled to relief on either of these motions (ECF Nos. 13, 18) and they will be denied.

## IV. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 15) will be granted. Drew's outstanding motions (ECF Nos. 4–6, 13, 18) will be denied. Drew's claims and the action will be dismissed. A certificate of appealability will be denied.[2]

An appropriate Final Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: June 21, 2022
Richmond, Virginia

---

[2] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Drew fails to meet this standard.

6